UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHERINE ARPS,

    Plaintiff,

vs.                                              CASE NO.:

RAYMOND JAMES & ASSOCIATES, INC. and
RAYMOND JAMES FINANCIAL, INC.,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KATHERINE ARPS ("Plaintiff") sues Defendant RAYMOND JAMES & ASSOCIATES, INC. ("Defendant RJA") and Defendant RAYMOND JAMES FINANCIAL, INC. ("Defendant RJF") (collectively "Defendants") and alleges:

## NATURE OF ACTION

1. This is a multi-count action for recovery of lost pay and related compensation, compensatory damages, attorneys' fees and taxable costs brought pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.) and the Florida Civil Rights Act (Florida Statutes Chapter 760.01 et seq.). Plaintiff alleges herein that she was retaliated against when she opposed gender and national origin discrimination which ultimately resulted in her termination from employment.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action and, in particular, Plaintiff's Federal cause of action pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over the state law cause of action pursuant to 28 U.S.C. §1367.

3. Venue is properly situated within this District and Division because all material acts occurred therein.

## PARTIES

4. Plaintiff is and was at all times material hereto a resident of Pinellas County, Florida.

5. Defendant RJA is and was at all times material hereto a Florida corporation with its principal place of business within this District and Division. Defendant RJA is a subsidiary of Defendant RJF.

6. Defendant RJF is and was at all times material hereto a Florida corporation with its principal place of business within this District and Division. Defendant RJF is the parent of Defendant RJA.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendants from April 2, 2018 through August 21, 2018. She was hired as a Senior Program Manager and worked within Defendants' IT Department. Regarding her employment by both Defendant entities, Plaintiff alleges:

   a. Plaintiff's employment was predicated upon a written offer of employment issued by "Raymond James", a trademark and fictitious name registered by Defendant RJF;

   b. Defendant RJF, as registrant of the "Raymond James" trademark and fictitious name, issued one or more employment-related documents to Plaintiff;

   c. Defendant RJA issued Plaintiff's paychecks during the term of her employment; and

    d.      Defendant RJF, as registrant of the "Raymond James" trademark and fictitious name, defended the EEOC investigation described below on behalf of or in conjunction with Defendant RJA.

Both Defendants are liable to Plaintiff either because each independently employed her as set forth above or they are collectively liable under a joint employment theory in which Defendant RJA acted as the direct employer and Defendant RJF acted as the secondary employer.

    8.      During her employment, Plaintiff reported to a male of Indian descent. At all times material hereto, he was the head of Defendants' IT Department bearing a "Vice President of IT" job title.

    9.      During the term of Plaintiff's employment for Defendants, the IT Department was dominated in number by males the majority of whom were of Indian descent.

    10.      During the term of Plaintiff's employment she was given several open subordinate employee positions to fill. She filled one of them with a non-Indian female.

    11.      The aforesaid head of the IT Department approached Plaintiff and pressured her to hire a friend, a male of Indian descent, for one of the other open positions. Plaintiff assessed that he was not qualified for the position (he had been previously rejected for a Program Manager position elsewhere within the company) and so advised her superior, the head of the IT Department.

    12.      Plaintiff's response angered her superior and while his friend was not hired by Plaintiff he continued to discriminate in favor of males of Indian descent as to hiring and related personnel actions within Defendants' IT Department.

13.     Plaintiff contacted Defendants' Human Resources Department and stated her opposition to the preferential hiring of males over females and those of Indian national origin over those of a different national origin within the IT department.

14.     After Plaintiff opposed such discriminatory practices, she began suffering tangible adverse employment actions including but not limited to demotion, unfair criticism, ostracization and manufactured reprimands. In further opposition to the aforesaid discriminatory practices as well as the retaliation, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") which was dual filed with the Florida Commission on Human Relations ("FCHR"). The EEOC conducted an investigation into Plaintiff's allegations. After filing her charge she was placed on a 90-day performance improvement plan and was then terminated without justification only days into that plan.

15.     Following her filling of the aforesaid charge the EEOC issued a right to sue letter and this action is being filed less than 90 days from the issuance of that letter.  Plaintiff has accordingly performed all conditions precedent to filing her federal claim.

16.     Pursuant to the work-sharing agreement between the EEOC and FCHR the charge filed with the EEOC is deemed as also filed with FCHR thereby exhausting any condition precedent on her state law claim.

17.     As a direct and proximate result of Defendants' retaliation against Plaintiff for opposing unlawful discrimination, Plaintiff has sustained damages including lost pay and benefits in the past and continuing into the future together with non-economic damages including mental anguish and emotional distress.

## COUNT I – RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT

18.     This is an action for recovery of lost pay and related compensation, compensatory damages, attorneys' fees and court costs together with other relief pursuant to 42 U.S.C. §2000e et seq.

19.     Paragraphs 1 through 17 are realleged as set forth verbatim herein.

20.     An employer who takes material adverse actions against an employee for engaging in protected activity, namely opposing gender and national origin discrimination, violates 42 U.S.C. §2000e-3(a).

21.     As a direct and proximate result of Defendant's violation of 42 U.S.C. §2000e-3(a), Plaintiff has sustained damages and losses as set forth above and is entitled to recover same from Defendant pursuant to 42 U.S.C. §2000e-5(g) and 42 U.S.C. §1981(a).  Plaintiff is further entitled to recover her attorney's fees pursuant to 42 U.S.C. §2000e-5(g) and taxable costs as otherwise allowed by law.

## COUNT II - RETALIATION IN VIOLATION OF FLORIDA CIVIL RIGHTS ACT

22.      This is an action for recovery of lost pay and related compensation, compensatory damages, attorneys' fees and court costs together with other relief pursuant to Florida Statute Chapter 760.01 et. seq.

23.     Paragraphs 1 through 17 are realleged as set forth verbatim herein.

24.  An employee who takes material adverse actions against an employee for engaging in protected activity, namely opposing gender and national origin discrimination, violates Florida Statute §760.10(7).

25.  As a direct and proximate result of Defendant's violation of Florida Statute §760.10(7), Plaintiff has sustained damages and losses as set forth above and is entitled to recover same from Defendant pursuant to Florida Statute §760.07 and §760.11.  Plaintiff is further entitled to recovery attorney's fees pursuant to Florida Statute §760.11 and taxable costs as otherwise allowed by law.

**WHEREFORE**, Plaintiff, Katherine Arps, demands the following relief:

A.  An award of lost pay and benefits in the past and future together with any related lost compensation;

B.  An award of compensatory damages including mental anguish and emotional distress;

C.  An award of attorneys' fees and taxable costs;

D.  A jury trial pursuant to 42 U.S.C. §1981a (c) and Florida Statute §760.11(5); and

E.  Such other and further relief as the Court deems appropriate under the circumstances.

      /s/ Marcus A. Castillo
MARCUS A. CASTILLO, B.C.S.
Florida Bar Number 374733
Haas & Castillo, PLLC
Arbor Shoreline Office Park
19321-C U. S. 19 North, Suite 401
Clearwater, Florida 33764
Telephone:  727-535-4544
Telefax: 727-535-1855
E-Mail: marcus@haas-castillo.com
Attorney for Plaintiff

And

/s/ *Walter A. Aye*
WALTER A. AYE, ESQ.
FBN 207438
Aye Law Firm
1710 N. 19th Street
Tampa, FL 33605
Telephone:  813-784-2507
Telefax: 813-254-9192
Email: waye@ayelaw.com
Co-Counsel for Plaintiff